IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02387-LTB-BNB

COLLINS OCHIENG,

Applicant,

v.

U.S. ATTORNEY GENERAL,

Respondent.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Doc. #3, filed 11/14/07] (the "Application") by Collins Ochieng (the petitioner). Also before me is the petitioner's **Motion for a Stay in Abeyance** [Doc. #22, filed March 3, 2008]. The Motion for a Stay in Abeyance is DENIED. I respectfully RECOMMEND that the Application be DENIED.

**I.   BACKGROUND**

The petitioner is currently being detained in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). He is a native and citizen of Kenya. *Respondent's Return to Application for Writ of Habeas Corpus* [Doc. #21] (the "Answer"), Ex. A4, p. 2.

In 2005, the petitioner was convicted in the State of Idaho of the offense of injury to children. Id. On August 21, 2006, the petitioner appeared in removal proceedings. Id. at Ex. A3, p. 1. An Immigration Judge found that the petitioner was deportable under charges of aggravated felony; crime of violence; and crime of child abuse, neglect, or abandonment. Id. The respondent was ordered removed to Kenya. Id.

The petitioner appealed the decision to the Board of Immigration Appeals ("BIA"). Id. at Ex. A2. The BIA remanded the case back to the Immigration Court because the record was not clear regarding the evidence evaluated by the Immigration Judge. Id. at pp. 1-3.

On remand, the Immigration Judge found that the petitioner is not deportable on the charges of aggravated felony and crime of violence, but is deportable on the charge of crime of "child abuse, neglect, or abandonment" pursuant to § 237(a)(2)(E)(i) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1227(a)(2)(E)(i). Id. at Ex. A3.

The petitioner appealed the Immigration Judge's decision to the BIA. Id. at Ex. A4. The BIA agreed with the Immigration Judge and dismissed the appeal. Id.

The petitioner sought review of the BIA's dismissal of his appeal in the Tenth Circuit Court of Appeals. Ochieng v. Mukasey, 520 F.3d 1110 (10th Cir. 2008). The circuit court consolidated the petitions for review and denied them in a published opinion. Id.

The Application asserts three claims. Claims One and Two allege that the petitioner was wrongfully charged with being an aggravated felon under INA § 237 and is, therefore, being wrongfully detained under INA § 236(c). *Application*, pp. 4-6.[1] Claim Three alleges that the petitioner is being detained indefinitely in violation of his due process rights.

---

[1] The pages of the Application are not consecutively numbered. Therefore, I cite to the page numbers assigned by the court's docketing system.

## II.  ANALYSIS

The petitioner is proceeding *pro se*, and I must liberally construe his pleadings.  <u>Haines v. Kerner</u>, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as an advocate for a *pro se* litigant.  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

### A.  Claims One and Two

In Claims One and Two, the petitioner alleges that he is being improperly detained because the charges against him were not sustained.  The petitioner is challenging the basis for the order of removal.

The district court does not have jurisdiction to review an order of removal.[2]  "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition or review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ."  8 U.S.C. § 1252(a)(5).

Indeed, the petitioner asserted substantially similar claims in his petitions to the circuit court--claims that the appellate court determined it had jurisdiction to review under section 1252(a).  <u>Ochieng</u>, 520 F.3d at 1114-15 (denying the petitioner's claim that his conviction did not qualify as a crime of "child abuse, child neglect, or child abandonment" under § 1227(A)(2)(E)(I) and finding irrelevant his claim that his offense was not a "crime of domestic violence").

---

[2]The respondent does not address the court's jurisdiction over Claims One and Two.  Nevertheless, I am obliged to raise it *sua sponte*.  Fed.R.Civ.P. 12(h)(3) (stating "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

I respectfully RECOMMEND that Claims One and Two be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

### B.  Claim Three

Claim Three is not clearly stated.  The petitioner repeats arguments set forth in his first two claims.  To the extent any portion of Claim Three can be construed as a challenge to the removal order, I recommend dismissal without prejudice for lack of subject matter jurisdiction as stated regarding Claims One and Two.

In addition, Claim Three alleges that the petitioner's due process rights are being violated because he has "not received any custody review that is consistance [sic] with the ICE standards, - governing cases of aliens held under mandatory detention." *Application*, p. 7.  The petitioner cites Zadvydas v. Davis, 533 U.S. 678, 690 (2001) in support of this claim.[3]  Zadvydas addresses the due process rights of an alien with regard to detention after a final removal order has been entered.  Construing the Application liberally, I understand Claim Three to be a challenge to the petitioner's continuous detention after his entry of the final removal order.

"After entry of a final removal order and during the 90-day removal period, . . . aliens must be held in custody."  Zadvydas, 533 U.S. at 683 (citing 8 U.S.C. § 1231(a)(2)).  Thereafter, the government may continue to detain the alien pursuant to 8 U.S.C. § 1231(a)(6).  Id.  However, the government may not detain the alien indefinitely.

In Zadvydas, the Supreme Court held that six months is a "presumptively reasonable period of detention."  Id. at 701.  "After this 6-month period, once the alien provides good reason

---

[3]The petitioner also cites Mathews v. Diaz, 426 U.S. 67, 77 (1976) in support of this claim.  Diaz addresses an alien's due process rights in the context of eligibility for participation in a federal medical insurance program, and it does not appear to provide any direct support for Claim Three.

4

to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.  The six month presumption "does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Here, although the petitioner has been in the custody of ICE since July 13, 2006, for the purpose of executing his removal order, *Answer*, Ex. A6, ¶¶ 3-4, most of that time was consumed by the petitioner's challenges to the order of removal.  The Tenth Circuit's Order denying Mr. Ochieng's petition for review of the BIA's dismissal of his appeal of an order of removal was entered on February 6, 2008, slightly more than one year ago.

The record establishes that ICE is currently able to remove aliens to the Republic of Kenya.  *Answer*, Ex. A6, ¶ 7.  However, in order for an alien to be returned to his native country, ICE must obtain a travel document from that country.  Id. at ¶ 5.  The government asserts, and the petitioner does not dispute, that a travel document has not been obtained because the petitioner has failed to complete the required paperwork from the Kenyan government and has failed to speak with the Consulate of Kenya.  Id. at ¶ 10.

On these facts, I find that the petitioner has not met his burden in the first instance to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[4]  Zadvydas, 533 U.S. at 701.  Therefore, the government is under no obligation to "respond with evidence sufficient to rebut that showing." Id.

---

[4]The Application and its attachments reflect the petitioner's challenges to the charges underlying the removal order; the detention resulting from the removal order; and his noncompliance with efforts to effect his removal to Kenya.  The petitioner does not address the likelihood of his removal to Kenya, especially in light of his failure to comply with removal efforts.

I respectfully RECOMMEND that the Application be DENIED as to Claim Three.

### C.  Motion for Stay

In his Motion for a Stay in Abeyance, the petitioner requests that the court "hold the proceedings in abeyance pending the outcome" of his challenges to his criminal conviction in the state court.  The Motion is DENIED.  See Ochieng, 520 F.3d at 1116 (stating that "[e]ven if the state court were to vacate or otherwise alter Mr. Ochieng's conviction, he could not seek relief from this court in the first instance; he would initially have to seek relief at the agency level").

### III.  CONCLUSION

I respectfully RECOMMEND that Claims One and Two be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

I further RECOMMEND that the Application be DENIED as to Claim Three.

FURTHER, IT IS ORDERED that the Motion for a Stay in Abeyance is DENIED.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 4, 2009.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge